UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------
In re

    BRITTANY MICHELLE BURR          06-00239 B

          Debtor
---------------------------------------------------

                Brittany Michelle Burr
                5100 Lynwood Avenue
                Blasdell, New York 14219
                Debtor *Pro Se*

Bucki, U.S.B.J.

      In this case under chapter 7 of the Bankruptcy Code, the debtor asks that the court waive the payment of her filing fee. Although the debtor's level of personal income may satisfy the minimum eligibility for status *in forma pauperis*, the totality of circumstances compels the denial of her request.

      In *United States v. Kras*, 409 U.S. 434 (1973), the Supreme Court found no constitutional barrier to the requirement for payment of a filing fee as a condition for access to the bankruptcy system. Indeed, prior to October 17, 2005, the United States Code made no provision for any generally available waiver of the bankruptcy filing fee for circumstances of indigence. As of that date, however, the following provisions of 28 U.S.C. §1930(f)(1) came into effect:

> Under the procedures prescribed by the Judicial Conference of the United States, the district court or bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and is unable to pay that fee in installments.

Consistent with this statute, the Judicial Conference of the United States has adopted interim procedures for the waiver of filing fees in bankruptcy. *See* Fed. R. Bankr. P. 1006(c) (Interim).

Brittany Burr filed a *pro se* petition for relief under chapter 7 of the Bankruptcy Code on February 15, 2006. With her petition, she also submitted a request for waiver of applicable fees in the total sum of $274. Upon considering this request, I noted that the debtor claimed to be a student with no income. Questioning whether she enjoyed other sources of support, I scheduled a hearing on the waiver request for February 27, 2006. When the debtor failed to appear on that date, I issued an order denying the waiver. Within ten days of that order, however, Ms. Burr moved for reconsideration. After hearing argument on March 27, 2006, I agreed to reconsider the matter, but reserved decision on the merits of the debtor's claim for a waiver of the filing fee. Now, after a careful review of the evidence, I will reaffirm my earlier decision to deny Ms. Burr's request.

Section 1930(f)(1) of Title 28 states not that the court shall waive any particular obligation, but that "the district court or bankruptcy court *may* waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line . . . and is unable to pay that fee in installments" (emphasis added). Thus, the statute establishes no absolute entitlement to a waiver of filing fees. Instead, it merely allows such a waiver in instances of income eligibility where the totality of circumstances compels this treatment.

In seeking a waiver of filing fees, debtors carry the burden to prove by a preponderance of the evidence that their circumstances satisfy the requirements of the statute. Prior to the enactment of 28 U.S.C. §1930(f)(1), six

judicial districts participated in a pilot program to study the consequences of allowing a waiver of filing fees in chapter 7 cases.  In their implementation of that program, bankruptcy courts held that debtors would carry the burden of proof and that that burden required a showing of entitlement by a preponderance of the evidence.  *In re Stephenson*, 205 B.R. 52 (Bankr. E.D.Pa. 1997), *In re Clark*, 173 B.R. 142 (Bankr. W.D.Tenn. 1994).  I too agree with this standard.  As a general rule, 28 U.S.C. §1930(a) requires that debtors pay a filing fee as a condition for bankruptcy relief.  In seeking to avoid that prerequisite, a debtor in chapter 7 must appropriately carry the burden to show an entitlement to the waiver of the payment obligation that all other debtors must satisfy.

28 U.S.C. §1930(f)(1) contains both a quantitative standard (that the debtor have income less than 150 percent of the income official poverty line) and a qualitative standard (that the debtor be unable to pay the filing fee in installments).  In the present instance, Brittany Burr satisfies the quantitative requirement.  In schedules filed with her bankruptcy petition, Ms. Burr states that she has no income.  Then, at the hearing on her waiver request, she represented that she had been a student prior to the filing of her bankruptcy petition, that she had given birth to a child shortly thereafter, and that she remained without employment.  To my satisfaction, Ms. Burr has demonstrated that she herself is an individual with income less than 150 percent of the official poverty level.  Nor does she possess other resources that might compensate for this lack of income.  Ms. Burr owns no real property, and her personal property is limited to clothing having an estimated value of $1,000.  Nonetheless, I will deny a fee waiver for two reasons.  First, the debtor has failed to satisfy her burden to show that she is unable to pay the filing fee in installments.  Second,

the totality of circumstances indicate in any event that the court should exercise its discretion to deny the waiver request.

At the hearing on the request for *in forma pauperis* status, I asked the debtor how she and her child were able to survive without income. Brittany Burr testified that she lived with her boyfriend (the infant's father), who provided generally for their needs. Meanwhile, the debtor was still covered by her father's health insurance. Ms. Burr's father also allowed her use of his automobile.

The debtor's ability to make installment payments will depend upon not just her own income, but upon the income and expenses of the entire household unit. Those who share the benefits of a common household must also expect to contribute to its burdens. Having chosen to share expenses with her boyfriend, Ms. Burr must explain why their joint budget will not allow for payment of the filing fee in bankruptcy. This is not to say that in some circumstances, a precarious relationship might require a cautious consideration of household commitments. In all events, however, the applicant carries the burden to show an inability to pay the filing fee in installments. Here, the debtor has provided neither evidence of total household income nor any explanation why that income might not be relevant. By reason of this lapse, she fails to show by a preponderance of evidence that she lacks the ability to pay the filing fee in installments.

If circumstances indicated that the debtor's household could not sustain the payment of the bankruptcy filing fee in installments, then this court might have deferred consideration of the waiver request until the debtor could submit a summary of household income and expenses. In the present instance, however, the evidence supports an outright denial of the waiver. By reason of

06-00239 B                                                                                       5

assistance from her father and her boyfriend, Brittany Burr currently satisfies the needs both of herself and of her child.  Unlike many other debtors who do pay the filing fee, Ms. Burr enjoys the protection of health insurance and access to reliable transportation.  Surely, if her support system can afford to provide all of the necessities of life, then the debtor should find a way to gather the filing fee for the discretionary option of bankruptcy.

     This court cannot force either the father or the boyfriend of the debtor to pay the required filing fee for bankruptcy relief.  Where these parties provide so adequately for the care of the debtor and her child, however, the court may reasonably expect the debtor to find the necessary financial support for the same filing fee that other debtors are compelled to pay.  To the extent that the debtor cannot satisfy the entire fee at once, she may even apply for payment through installments.  Under the totality of circumstances, I will compel Brittany Burr to pay the outstanding filing fee.  Accordingly, the debtor's motion to waive that fee requirement is denied.  Within two weeks of the date of this decision, Ms. Burr shall either pay the filing fee or arrange for payment through installments.  Otherwise, the court will dismiss this case.

     So ordered.

Dated:   Buffalo, New York                         /s/   CARL L. BUCKI
         June 2, 2006                                       U.S.B.J.